

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| SAJOH C. YATES, | ) | CASE NO. | 1:08 CV 1638 |
| | ) | | 1:02 CR 442 |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | JUDGE DONALD C. NUGENT | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | **MEMORANDUM OPINION AND ORDER** | |

This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #1, Case No. 1:08 CV 1638; Docket #178, Case No. 1:02 CR 442.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On October 30, 2002, a federal grand jury in the Northern District of Ohio indicted Petitioner, Sajoh C. Yates, and three co-defendants on eleven criminal counts. The government subsequently dismissed two counts from the original case and re-indicted Petitioner on those charges on September 3, 2003. The indictments charged Petitioner with one count of aiding and abetting delivery of counterfeit federal reserve notes; one count of aiding and abetting possession of counterfeiting equipment; one count of possessing counterfeit federal reserve notes; two

counts of aiding and abetting possession of counterfeit federal reserve notes; two counts of being a felon in possession of a firearm; and, one count of being a felon in possession of ammunition. The case was assigned to this Court.

On February 5, 2003, this Court granted Petitioner's motion for a psychiatric evaluation to determine his competency to stand trial. On May 12, 2003, at a competency hearing, the Court determined that Petitioner was competent to stand trial. A jury trial commenced on October 17, 2003, at which time Petitioner elected to represent himself, with his court-appointed attorney acting as standby and advisory counsel. On October 20, 2003, Petitioner committed an outburst before the jury, resulting in a mistrial. The Court again ordered that Petitioner undergo a competency evaluation, for which he was transported to Springfield, Missouri.

On February 11, 2004, at a second competency hearing, the Court adopted the findings of competency evaluator Dr. Mrad and again found Petitioner competent for trial. A second jury trial commenced on March 15, 2004. The jury found Petitioner guilty on all counts. On June 8, 2004, the Court sentenced Petitioner to a total of 275 months in prison.

On June 23, 2004, Petitioner filed a timely notice of appeal. On October 26, 2005, the Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions, but remanded his case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). At resentencing, on February 8, 2006, this Court issued the same sentence originally imposed.

On March 2, 2006, Petitioner again filed timely notice of appeal as to the Amended Judgment of February 24, 2006. On April 20, 2007, the Court of Appeals affirmed this Court's Amended Judgment.

On July 8, 2008, Petitioner filed his Motion pursuant to 28 U.S.C. § 2255, alleging the

following:

> Ground I: Defendant was denied Sixth Amendment right to fair trial because he was incompetent to stand trial.
>
> Supporting facts: Defendant's mental illness substantially impared [sic] defendant to have a rational as well as factual understanding of the proceedings against him. Defendant did not have sufficient contact with reality during the course of the trial. Defendant displayed delusional & irrational responce [sic] under oath. Defendant lacked rational understanding required for competency to stand trial based on his mental illness and this precluded him from perceiving accurate interpreting and or responding appropriately to the World around him.
>
> Ground II: Defendant was denied his Sixth Amendment Constitutional right to effective assistance of counsel at trial.
>
> Supporting facts: Trial Counsel was ineffective for failing to request a "due process" competency hearing when defendant came forth with substiantial [sic] evidence that indicated defendant may be mentally incompetent to stand trial. Trial Counsel's ineffectiveness caused defendant to be denied his right to a fair trial.
>
> Ground III: Defendant was denied his Sixth Amendment rights to trial by jury determination he was guilty of fact other than prior conviction.
>
> Supporting facts: Defendant's base offense level was increased two levels for having a stolen weapon. A stolen weapon was not a fact presented to the jury. Trial Court could not prove by a preponderance of the evidence defendant had a stolen weapon.
>
> Ground IV: Defendant was denied his Fifth and Fourthteenth [sic] Constitutional right to a "due process" competency hearing.
>
> Trial Court failed to order a "due process" competency hearing sua sponte when defendant came forth with substantial evidence that indicated defendant may be incompetent to stand trial. Defendant has demonstrated that through his actions he was incompetent.

On August 1, 2008, the Government filed its Response in Opposition to Petitioner's Motion. (Docket #182, Case No. 1:02 CR 442.) The Government asks this Court to deny Petitioner's Motion.

**Competency.**

First, the Government argues that Petitioner cannot challenge his competency at Trial on collateral attack, as he was evaluated twice and found competent by the Trial Court. Citing *Hill v. United States*, 223 F.2d 699 (6th Cir. 1955), the Government argues that a Section 2255 proceeding cannot be used as a substitute for an appeal, but is instead restricted to cases where the sentence is void or otherwise subject to collateral review. *Id.* at p. 701. In *Hill*, the Court found that the question of whether a defendant is mentally competent to stand trial was not subject to review on collateral attack, because it was a factual issue which was raised and adjudicated in the trial court. *Id.*

The Government refers to *Handlon v. United States*, 246 F.2d 866 (6th Cir. 1957). In *Handlon*, the Court held that, where the defendant was examined by a neurologist and found competent, a motion to vacate under Section 2255 could not be employed to collaterally attack the judgment of the District Court. The Government notes that Petitioner was given two psychiatric evaluations to determine his competency to stand trial, the second of which was after his outburst at the initial trial and only a few months before the trial resulting in his conviction; that after each evaluation, this Court held a competency hearing, at which Petitioner was adjudged mentally competent; and, that despite a finding of paranoid schizophrenia by Dr. Mrad in the second evaluation, Dr. Mrad concluded that Petitioner was competent to stand trial and would remain so for the near future. The Government asserts that the Trial Court's conclusion

that Petitioner was competent to stand trial is not subject to relitigation on collateral attack.

Second, the Government argues that Petitioner is procedurally barred from challenging his competency at trial because he did not raise this issue on appeal and has not shown both cause and prejudice for his default. The Government asserts that conclusory statements regarding ineffectiveness of counsel, without more, do not satisfy the "cause" and "prejudice" prongs of the procedural default test, as discussed in *Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000). The Government reiterates that fact that Petitioner was given two psychiatric evaluations, followed by separate competency hearings, at which the Trial Court explicitly adopted the psychiatrist's findings that Petitioner was competent to stand trial. The Government states that Petitioner's allegation that he should have been given another competency hearing cannot establish prejudice in this case, and points to the fact that Petitioner offers no new evidence to suggest that the result of a third evaluation or hearing would have been any different, or that the Trial Court would have reversed its finding of competence.

Further, the Government asserts that Petitioner cannot satisfy the "actual innocence" exception to the requirement of showing cause and prejudice. Citing *Bousley v. United States*, 523 U.S. 614, 623 (1998), the Government states that Petitioner offers no new evidence to support a claim of actual innocence.

Third, the Government argues that the judgment of the Trial Court that Petitioner was competent to stand trial should not be disturbed because he has failed to demonstrate that he was incompetent at the time of his trial. The Government states that Petitioner must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on . . . the jury's verdict." *Griffin* v. United States, 330 F.3d 733, 736 (6th Cir. 2003).

In order to be competent to stand trial, the Government states, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and must have "a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993).

The Government asserts that despite Petitioner's citations to the Trial transcripts as evidence that he was not fit to stand trial, Petitioner demonstrated a present ability to consult with his lawyer to a reasonable degree of rational understanding. The Government cites Dr. Mrad's conclusion that Petitioner was competent to stand trial; that there was no evidence that Petitioner did not understand the nature or consequences of the proceedings due to his mental disorder; and, that Petitioner was capable of cooperating with an attorney, just as he did during his evaluation, if he chose to do so. Dr. Mrad also referenced the possibility that Petitioner was "attempting to use his mental disorder to his advantage" and " was simply feigning psychotic symptoms in order to disrupt the trial." The Government asserts that Petitioner's actions at Trial confirm the findings of Dr. Mrad. Finally, the Government notes that there is nothing in the record to support Petitioner's assertion that he did not take medication that was prescribed to him during his second Trial.

**Ineffective Assistance of Counsel.**

The Government notes that the benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Petitioner must, therefore, demonstrate both inadequate performance by his attorney and prejudice resulting from that inadequate performance. The

Government asserts that Petitioner has failed to satisfy either prong of the *Strickland* test.

First, the Government addresses Petitioner's argument that Counsel was ineffective in failing to request a competency hearing, noting that Petitioner was evaluated both before his first Trial, and again only a few months before his second Trial. The competency hearing was conducted only one month before Trial, on February 11, 2004, with Trial beginning on March 15, 2004. Counsel did request a competency hearing and it was held in close proximity to Trial.

Second, the Government argues that Counsel was not ineffective for failing to ask for a third evaluation. The Government asserts that Counsel was justified in deciding that another competency hearing and evaluation would not aid Petitioner's cause, because he had recently been evaluated and found competent to stand trial.

The Government asserts that Counsel cannot be deemed ineffective for failing to raise every conceivable issue on appeal. The Government states that an appellant has no Constitutional right to have every non-frivolous issue raised on appeal and that tactical choices are properly left to the judgment of counsel. The Government states that the decisions not to raise the issue of incompetence at Trial and the sentencing enhancement for the presence of a stolen weapon to not amount to inadequate performance by counsel.

Finally, the Government argues that Petitioner has failed to prove that he was prejudiced by the alleged errors of Counsel. Petitioner must demonstrate that Counsel's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Government again points to the fact that Petitioner was

evaluated twice, and both times found competent to stand trial. The Government argues that Petitioner has not demonstrated any probability that the result would have been different with a third evaluation. Further, the Government states that in light of the overwhelming evidence of guilt presented at Trial, the result would have been the same. Finally, the Government discusses the fact that the failure to present certain issues on appeal does not establish prejudice. There is no evidence that the direct appeal of these issues would have been successful and the Government asserts that Petitioner has not met his burden to establish a sufficient probability of a different result.

**Sentence Enhancement.**

Petitioner contends that the Court improperly enhanced his base offense level when calculating his Guideline sentence range. The Government asserts that a claim of miscalculated guideline level is not cognizable on collateral attack. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Because he failed to raise this claim on direct appeal, the Government asserts that he cannot do so in a Section 2255 motion. Further, the Government argues that Petitioner has not established cause or prejudice for his procedural default. The Court of Appeals remanded his case for resentencing in light of *Booker*, and ordered the District Court to apply the Sentencing Guidelines as advisory only, and no fact was found by the Court that increased Petitioner's sentence beyond the statutory maximum. Therefore, Petitioner cannot establish prejudice to excuse his delay. Finally, the Government states that Petitioner has not shown a substantial and injurious effect as the result of any alleged error in the calculation of his Guidelines level. The Government asserts that Petitioner was resentenced pursuant to *Booker*, and the Guidelines were calculated only in an advisory capacity. The sentence reimposed was

within the statutory maximum for Petitioner's crimes. The sentence imposed did not include any judicial fact-finding which increased Petitioner's sentence above the statutory maximum.

On November 24, 2008, Petitioner filed his Reply Brief. (Docket #187, Case No. 1:02 CR 442.) Petitioner asserts that his sentence was unconstitutional and that he has been prejudiced. Petitioner reiterates his claim that he was mentally incompetent to make a rational defense and decision, which he asserts became clear not only during his two competency hearings, but during his Trial. Therefore, Petitioner argues that he must be afforded the right to collaterally attack the finding of competency.

Petitioner argues that Counsel's decisions regarding the issues on appeal were influenced by Counsel's desire not to "admit his own ineffectiveness," "allowing the defendant to be tried and convicted while incompetent" and, that he was "in a no win situation on direct appeal." Petitioner also argues that "a claim of incompetence does not lend ittself [sic] very well to the outcome test in Strickland" because the jury is not making a verdict according to whether the defendant is competent or incompetent.

Petitioner asserts that he was forced to be tried and convicted while incompetent and, that if he would have been afforded a hearing, the Court "would have discovered defendant was 100% incompetent." Petitioner points to the record, citing his irrational and delusional responses and testimony under oath. Petitioner states that he was found competent only after being properly treated with medication, and that he was not taking his medication during his Trial.

Petitioner argues that Counsel was ineffective, in that he had knowledge of Petitioner's mental illness and failed to request that the proceedings be suspended. Petitioner states that he was denied a fair trial because Counsel allowed him to be tried and convicted while incompetent.

Petitioner asserts that he satisfied the prejudice prong of his ineffective assistance of counsel claim by presenting evidence that he was not competent to stand trial. Petitioner states had he been afforded an additional hearing, he would have been "civilly committed until he was fit to stand trial."

Finally, Petitioner states that the Trial Court Judge "had constructive knowledge of defendant's past irrational bahavior [sic] and also knowledge of defendants diagnosis of having a major mental illness that produces delusions." Petitioner argues that the Trial Court Judge disregarded this evidence in violation of his due process rights. Petitioner states that "a retrospective competency hearing can not resolve this issue" and that a new trial is the only remedy.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion, including the Briefs submitted by the Parties. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

Petitioner's claims are based on his assertion that he was incompetent to stand trial and that he should have received an additional competency hearing, at the time of his Trial, which

would have resulted in this Court postponing Petitioner's Trial until a later time. Petitioner, relies upon his behavior during Trial as evidence of his mental state.

Petitioner was evaluated twice to determine his competency to stand trial. After each evaluation, a competency hearing was held. Despite some degree of mental illness, Petitioner was deemed competent to stand trial. The conclusion that Petitioner was competent to stand trial was not raised on appeal and is not subject to collateral attack. The Court is not persuaded by Petitioner's assertion that Counsel was ineffective in failing to raise this issue on appeal. Petitioner was evaluated shortly before the second Trial and found to be competent and there is no evidence that a third evaluation and hearing would have resulted in a different finding. There is no evidence of record to support Petitioner's assertion that during Trial he discontinued his medication, thereby rendering him incompetent.

With regard to Petitioner's ineffective assistance of counsel claims, which are inextricably intertwined with Petitioner's claims of incompetency, the Court finds nothing in the record to support Petitioner's assertion. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's

representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner was evaluated before both his first and second trials, and a competency hearing was conducted, at the request of Counsel, only one month prior to his second trial. There is nothing to support Petitioner's assertion that Counsel was ineffective for failing to ask for a third evaluation. Further, as stated above, there is nothing in the record to support a finding that the failure to raise this issue on appeal was the result of inadequate performance of Counsel.

Finally, Petitioner's assertion that the Court improperly enhanced his base offense level when calculating his Guideline range is without merit. Petitioner was resentenced in light of *Booker*, and Petitioner was not sentenced beyond the statutory maximum. Further, Petitioner's failure to raise this issue on appeal bars his claim and Petitioner has not presented evidence of prejudice required to avoid procedural default.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #1, Case No. 1:08 CV 1638; Docket #178, Case No. 1:02 CR 442) is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 29, 2008